```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-Cv-80511-MARRA
                         MAGISTRATE JUDGE P.A. WHITE
```

CRAIG BASSETT,                  :

      Petitioner,        :

v.                              :        REPORT RE DISMISSAL
                                                                     §2254 PETITION
WALTER A. McNEIL,               :        AS TIME BARRED

      Respondent.        :
_____

      Craig Bassett, a state prisoner confined at Everglades Correctional Institution at Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his conviction and sentence entered in Palm Beach County Circuit Court, Case No. 04CF002150A02.

      This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

      For its consideration of the petition, the Court has the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply thereto.

      Procedurally, the petitioner, on October 7, 2004, was charged with one count of sexual battery on a person less than 12 years of age and two counts of lewd or lascivious molestation on a person less than 12 years of age. (Ex.1:61-62). He proceeded to trial and was subsequently found guilty as charged. (Ex.1:90-91). Judgment was entered on December 6, 2004. (Id.).

Thereafter, on the same day judgment was entered, the petitioner filed a timely notice of appeal, case number 4D04-4716. (Ex.1:114). Following the filing of the parties' briefs, the appellate court on April 5, 2006, per curiam and without written opinion, affirmed the petitioner's convictions (Ex.14), with rehearing denied on May 12, 2006.(Exs.15,16). The mandate issued on June 2, 2006. (See 4th DCA Case Dkt# 4D04-4716).

Subsequently, the petitioner returned to state court and filed a state habeas petition. (Ex.17). Although the copy of the petition provided by the state reflects a filing date of April 17, 2007, the petitioner asserts it was filed on March 27, 2007. (See Ex. 17; see also DE#11:2). A review of the Fourth District Court of Appeal's case docket number 4D07-1368 reveals the petition was filed with the court on April 3, 2007, which corroborates the petitioner's assertion. Notwithstanding, on June 8, 2007, the appellate court entered an order denying the petition on the merits (Ex.18), with rehearing denied on August 3, 2007. (Exs.19,20).

Thereafter, on October 5, 2007, the petitioner filed a motion for post-conviction relief, pursuant to Fla.R.Crim.P. 3.850, raising numerous claims consisting of ineffective assistance of counsel. (Ex.21). Following the state's response, the trial court, on October 15, 2008, denied the petitioner's 3.850 motion (Ex. 23), with rehearing denied on November 5, 2008. (Exs.24,25). A timely notice of appeal was filed, case number 4D08-4829. (Ex.26). On February 18, 2009, the Fourth District Court of Appeal, per curiam and without written opinion, affirmed the trial court's denial of the Rule 3.850 motion (Ex.27), followed by denial of his motion for rehearing on March 31, 2009. (Ex.28). The mandate issued on April 17, 2009. (See 4th DCA Case Dkt# 4D08-4829).

Finally, on July 13, 2009, the petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800. (Ex.29). After the

2

state's response thereto (Ex.31), on February 11, 2010, the trial court denied the petitioner's motion. (Ex.32). The petitioner thereafter filed a motion for extension of time to file a reply to the state's response (Ex.33), which was granted. (Ex.34). Instead, the petitioner filed a notice of appeal on February 26, 2010 of the trial court's denial of his 3.800 motion, case number 4D10-1014. (Ex.35). However, on March 15, 2010, he filed a petition to voluntarily withdraw his notice of appeal (Ex.36), which was subsequently dismissed by the appellate court on March 26, 2010. (Ex.37).

After conclusion of state court proceedings, the petitioner next came to this court, filing this federal habeas petition on April 15, 2010. (DE#1).

In response to the order to show cause, the respondent argues correctly that this petition should be dismissed as untimely filed. (DE#16:8-9). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

The one-year reasonableness period following the effective date of the AEDPA is subject to the AEDPA's express tolling provision for time spent pursuing state post-conviction relief or other collateral review.[2] 28 U.S.C. §2244(d)(2). See Artuz v. Bennett, 531 U.S. 4 (2000). See also Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998). Moreover, the limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

In the instant case, the petitioner's conviction became final on August 12, 2006, ninety days after the denial of the petitioner's motion for rehearing on direct appeal. See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002). The instant petition was, therefore, due in this Court on or before August 12, 2007. However, because the petitioner pursued state post-conviction relief, the time spent doing so is tolled for AEDPA purposes.

After the petitioner's conviction became final on August 12, 2006, the federal limitations period ran unchecked for 226 days,

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[2]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

4

when the petitioner returned to the state court filing a habeas corpus petition on March 27, 2007.[3] The petition was thereafter denied, followed by the denial of his motion for rehearing on August 3, 2007.

The federal limitations period next ran unchecked for 62 days, from August 3, 2007 to October 5, 2007, when the petitioner returned to state court filing his motion for post-conviction relief. His Rule 3.850 motion was denied on October 15, 2008, and his motion for rehearing was denied on November 5, 2008. Less than 10 days later,[4] a timely notice of appeal was filed, which was affirmed, with the mandate regarding the denial of the motion for rehearing issued on April 17, 2009.[5]

The federal statute of limitations period next ran unchecked for an additional 86 days, from April 17, 2009 until July 13, 2009, when the petitioner returned to the state court filing a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a). By the time the petitioner filed his Rule 3.800 motion, 374 days of untolled time had elapsed.

The petitioner is not entitled to tolling time for the foregoing rule 3.800, because it was instituted after the one-year

---

[3]Although there is a discrepancy as to the exact date the petition was filed, in an abundance of caution, the date proffered by the petitioner will be used, as either date does not affect the untimeliness of this federal petition.

[4]This time is excluded from the one-year limitations period. Normally, the time between the denial of a motion for post-conviction relief and the filing of a notice of appeal seeking review of that order is excluded from the one-year limitation period. See Carey v. Saffold, 536 U.S. 214, 220-21 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court).

[5]See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir.2000) (noting that the statute of limitations was tolled until the mandate issued from the state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief).

federal limitations period had expired. See 28 U.S.C. §2244(d). See also Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

While it is true that the AEDPA's one-year limitations period is in conflict with the two-year limitations period prescribed by the Florida Legislature in Fla.R.Cr.P. 3.850, that fact does not serve to excuse an untimely federal filing. In Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000), a §2254 petitioner filed an application for state habeas corpus relief in compliance with the Florida rules, but outside the one-year AEDPA grace period. He argued that because his state petition complied with Florida rules, it should have acted to toll the federal time provision, but the Eleventh Circuit disagreed, holding that the existence of a two-year state limitations period did not abrogate a petitioner's responsibility to comply with the shorter federally-mandated time provision.

Thus, in order for this petition to be deemed timely, the petitioner must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period. The petitioner has addressed the limitations issue in his form petition (DE#1) arguing his conviction and sentence became final at the latest on September 2, 2006. (DE#1:14). He further asserts he initiated his post-conviction relief process on March 27, 2007, well within the AEDPA one-year limitations period, and from that point on, he has continuously filed post-conviction pleadings, thus tolling the federal

limitations period. (Id.; see also DE#11:1-3). Moreover, in his response to the court's order requiring him to state whether one or more of the four factors listed above justifies consideration of his petition (DE#5), he again asserts his federal habeas corpus petition was timely filed. (DE#11). However, a review of his response clearly reveals he relied upon incorrect dates to determine the date in which he initiated certain pleadings and the finality thereof. (Id.). Thus, he has incorrectly calculated the timeliness of the instant federal habeas corpus petition.

Moreover, the petitioner has failed to establish that he is entitled to equitable tolling of the limitations period. For equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quotation marks and citation omitted); See Holland v. Florida, ___ U.S. ___, 2010 WL 2346549 (2010). No such showing has been made here. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008).

Review of the record in this case reveals that the petitioner has not pursued the process with diligence and alacrity. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5th

Cir. 1989).

A further review of the petitioner's pleadings reveals that no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant conviction exists. The time-bar is ultimately the result of the petitioner's failure to timely institute state post-conviction proceedings and then this federal habeas corpus proceeding. Therefore, the claims raised in the petition are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and the petitioner is not entitled to review on the merits.

Further, there is no indication whatever in the record that there exists rare and exceptional circumstances beyond petitioner's control which prevented him from filing the instant petition in a timely manner, entitling him to equitable tolling for any other reason. See Helton v. Sec'y for Dep't. of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

Finally, the petitioner's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his

8

procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Since the petitioner has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant conviction and sentence, it is recommended that this petition be dismissed as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 11th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Craig Bassett, Pro Se
     DC#W26112
     Everglades Correctional Institution
     EI-214-U
     1599 S.W. 187th Avenue
     Miami, FL 33194

     Myra J. Fried, AAG
     Attorney General's Office
     Department of Legal Affairs
     1515 N. Flagler Drive
     Suite 900
     West Palm Beach, FL 33401-3432