UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80511-CIV-MARRA/WHITE

CRAIG BASSETT,

    Petitioner,

vs.

WALTER A. MCNEIL,

    Respondent.
_____/

## **FINAL JUDGMENT**

THIS CAUSE is before the Court upon the Report of the Magistrate Judge filed January 11, 2011 [DE 21].  The Court has reviewed the record *de novo*, considering the Petition for Writ of Habeas Corpus, the Report of the Magistrate Judge, the Objections, and the entire record.  For the reasons stated in Magistrate Judge White's Report, and upon independent review, it is

**ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report [DE 21] is hereby **AFFIRMED, RATIFIED AND ADOPTED**.

2. Petitioner's objections [DE 24] are **OVERRULED**.  Petitioner relies upon *Jimenez v. Quarterman,* 555 U.S. 113 (2009) for the proposition that the first 226 days of untolled time used by the Magistrate Judge to determine that the present petition is untimely should not be counted against him.  The 226 days in question constitutes the time between the end of Petitioner's direct appeal on August 12, 2006, and the filing of his petition alleging ineffective assistance of appellate counsel pursuant to Fla. R. App. P. 9.141(c) on March 27, 2007. [DE 17-11 at 88].  Petitioner's reliance upon *Jimenez* is misplaced.

In *Jimenez,* the Court held that when leave to file a belated direct appeal is

granted, the one year time period to file a federal habeas corpus proceeding begins to run at the conclusion of the belated appeal, not from an earlier date.  Here, Petitioner had a full and complete direct appeal, and there is nothing in this record to suggest that the proceeding filed by Petitioner on March 27, 2007 was a belated appeal.  In fact, the appellate rule pursuant to which Petitioner filed the March 27, 2007 proceeding authorizes petitioners to seek either a belated appeal or allege ineffective assistance of appellate counsel.  Fla. R. App. P. 1.141(c)(2).[1]  Petitioner expressly limited his petition to ineffective assistance of counsel, obviously recognizing that because he had a direct appeal, a belated appeal was unnecessary.  The fact that Petitioner was challenging the effectiveness of his appellate counsel's representation does not entitle him to exclude from consideration the time that elapsed between the completion of the direct appeal and the filing of his Rule 9.141(c) proceeding.  If Petitioner's position was correct, then the time between the completion of a direct appeal and the filing of any state proceeding challenging the effectiveness of either trial or appellate counsel would be excluded for purposes of calculating the timeliness of a federal habeas corpus proceeding. This is not the law.  Hence, the initial 226 days of untolled time was properly used by the Magistrate Judge in determining that the petition in this case was untimely.

3. Petitioner Craig Bassett's petition for writ of habeas corpus pursuant to 29 U.S.C. § 2254 is **DENIED** as untimely.

---

[1] The fact that Rule 9.141(c)(1) provides that proceedings brought pursuant to the rule are to be treated as "original proceedings" in the appellate court, as opposed to the trial court, is of no consequence.  Simply because the proceeding originates in the appellate court does not render it a continuation of or a substitute for Petitioner's direct appeal.

4.      The Clerk shall **CLOSE** this case.  Any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of February, 2011.

                                                                _____
                                                                KENNETH A. MARRA
                                                                United States District Judge

Copies to:
Magistrate Judge Patrick A. White
Craig Bassett, *pro se*
all counsel of record